# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 17-00169-TLM |
| LOUISE M SCHNEIDER, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| LOUISE M SCHNEIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 17-06026-TLM |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### SUMMARY ORDER
_____

On November 13, 2017, Plaintiff filed the complaint commencing this adversary proceeding against Defendant. Doc. No. 1. Summons was issued by the Clerk on November 15, 2017. Doc. No. 4. The summons was purportedly served on November 24, 2017. Doc. No. 5. The Court later determined the summons was improperly served, that the clerk's entry of default was thus not supported, and that it would be set aside. Doc. No. 10.

On April 20, 2018, Plaintiff filed another certificate of service of summons and complaint, purporting to serve the same on Defendant on April 9, 2018. Doc.

SUMMARY ORDER - 1

No. 11. On June 13, 2018, following another application for entry of default, the Court found, again, improper service under the Rules and set aside the entry of clerk's default. Doc. No. 16.

Over three months later, and Plaintiff having taken no further action, the Court issued a notice of conditional dismissal of this adversary proceeding. Doc. No. 17. This resulted in the filing, on October 17, 2018, by Plaintiff of another certificate of service of summons and complaint that were purportedly served upon Defendant that day. Doc. Nos. 18, 19.

The prior defects identified by the Court in service of the summons and complaint in this action dealt with the failure of Plaintiff and her counsel to serve the Defendant as required by Rule 4004(b)(4) and/or (5). Plaintiff's most recent attempts at service appear to satisfy that concern. However, there are yet other problems.

Fed. R. Civ. P. 4(m), made applicable by Rule 7004(a), states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Moreover, Rule 7004(e) (entitled "Summons: Time Limit for Service Within the United States"), requires service of a summons to be made within 7 days of its issuance. Here, Plaintiff's counsel merely re-served the summons issued on November 15, 2017, and such service was well outside the 90–day

SUMMARY ORDER - 2

deadline established by Fed. R. Civ. P. 4(m). Thus, the service was untimely and patently inadequate.

Given Fed. R. Civ. P. 4(m) and the many errors in service, this Court could simply dismiss this adversary proceeding. That, however, prejudices Plaintiff for the errors of counsel.[1] Instead, the Court elects to provide one, but only one, additional opportunity to correct the manifest errors in this case.

Therefore, Plaintiff shall (a) obtain the issuance of a new summons within 7 days of the date of this Order, and (b) properly and timely serve the same as required by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure incorporated thereby within 7 days of the issuance of the summons. Plaintiff shall promptly file the certificate of service of the summons and complaint. Failure to fully, completely and adequately do so, including any additional failures of the sort documented in this case to date, will result in dismissal of the action without further notice or hearing.

IT IS SO ORDERED.

DATED: October 22, 2018

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[1] Generally, parties are responsible for the errors and negligence of their attorney, and the Court is not required to excuse the same. *In re Mathews*, 565 B.R. 662, 667 (Bankr. D. Idaho 2017).

SUMMARY ORDER - 3